**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| WILLI HENLEY<br>12701 Shaker Blvd., Apt. #310<br>Cleveland, Ohio 44120<br><br>      Plaintiff,<br>  v.<br><br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>c/o National Registered Agents, Inc.<br>145 Baker Street<br>Marion, Ohio 43302<br><br>      Defendant. | )<br>)  Case No:  1:12-cv-655<br>)<br>)<br>)  JURY DEMAND REQUESTED<br>)<br>)<br>)  **CIVIL COMPLAINT**<br>)  **(Unlawful Debt Collection Practices)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

PLAINTIFF WILLI HENLEY ("Plaintiff"), by his attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

**PARTIES**

5. Plaintiff is a natural person who resides in, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a Delaware corporation and debt collector with an office in Norfolk, Virginia.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant between 2010 and 2011 has repeatedly contacted Plaintiff, via her phone number of 216.751.1842, regarding collection of a consumer debt for alleged nonpayment of an outstanding credit card balance in the amount of $1,309.74, aka PRA Account/Reference No. 5800126102608.

11. Plaintiff and Defendant agreed in or around October, 2010, that they would enter into an agreement whereby Plaintiff would make 12 monthly payments to Defendant of $44 each, the total amount being $528, for settlement in full of the alleged indebtedness.

12. As of September, 2011, Plaintiff had made scheduled payments to Defendant in the combined amount of $528, yet Defendant continued to request and accept payment beyond that from Plaintiff in the form of at least 2 additional monthly payments in or around November and December, 2011, each in the amount of $44.00    .

13. During further contacts with Defendant after December, 2011, Plaintiff advised that she fulfilled her payment obligation on the settlement and, in fact, made additional payments of amounts in excess of that which she originally agreed to remit, but Defendant continues to insist that Plaintiff owes it further payment, and continues as of February, 2012, to call Plaintiff demanding further payment on the alleged debt.

14. Defendant has further failed to advise Plaintiff during its contacts that the debt it sought to collect was time-barred as a matter of law and not viable for court legal proceedings, or that any partial repayment of the alleged debt could actually

subject Plaintiff to litigation or other proceedings that otherwise could not legally

be had, and/or potential obligation to repay all amounts allegedly owed.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

    a.  Defendant violated *§1692f(1)* by collecting any amount, including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement or permitted by law.

    b.  Defendant violated *§1692e(4)* by the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person, or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intend to take the action.

    c.  Defendant violated *§1692f* by using any unfair or unconscionable means to collect or attempt to collect a debt.

    d.  Defendant violated *§1692e* by using any false, deceptive, or misleading representation or means in connection with the collection of a debt.

    e.  Defendant violated *§1692e(2)(A)* by the false representation of the character, amount, or legal status of a debt.

WHEREFORE, Plaintiff, Willi Henley, respectfully requests judgment be entered against Defendant, for the following:

16. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

18. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Willi Henley, requests a jury trial in this case.

Respectfully submitted,

**KAHN & ASSOCIATES, LLC**

*/s/ David W. Skall*

**DAVID W. SKALL (0068740)**
dskall@kahnandassociates.com
6200 Rockside Woods Blvd., Suite 215
Cleveland, Ohio 44131
216.621.6101 Telephone
216.621.6006 Facsimile

Attorney for Plaintiff